UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN JACOBO-ARIZAGA,<br><br>Petitioner,<br><br>v.<br><br>PAUL THOMPSON, Warden,<br><br>Respondent. | No. 2:21-cv-1864-KJM-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a federal prisoner proceeding without counsel in this petition for writ of habeas corpus brought under 28 U.S.C. § 2241. ECF No. 1. The court has reviewed the petition and finds that it should be dismissed with leave to amend.

**I.      Background**

Petitioner is confined in federal prison at FCI Herlong. ECF No. 1 at 1. He alleges that respondent has adopted a policy for the application of the "First Step Act" (18 U.S.C. §§ 3632, 3624(g)) that is contrary to the statute. *Id*. According to petitioner, lawful application of the Act would result in his release on August 1, 2023 because he has accrued approximately 480 days of time credit from approximately 980 days working at a prison job. *Id.* at 1.

/////

/////

/////

1

**II.    The Petition**

    A.  <u>Screening Standards for § 2241 Petitions</u>

    United States District Courts have authority under 28 U.S.C. § 2241 to grant petitions for writ of habeas corpus to federal prisoners "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c).  The court should award the writ or issue an order to the respondent to show cause why the writ should not be granted "unless it appears from the application that the applicant or person detained is not entitled" to relief. 28 U.S.C. § 2243. If it appears that the petitioner is not entitled to relief, the court may dismiss the petition. *Ruby v. United States*, 341 F.2d 585, 586-87 (9th Cir. 1965).  For the reasons that follow, the undersigned finds that petitioner is not entitled to relief and the petition must be dismissed.

    B.  <u>The First Step Act</u>

    Enacted on December 21, 2018, the First Step Act ("FSA" or "Act") amended 18 U.S.C. chapter 229 in several ways, including changes to existing recidivism-reduction incentives. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).  The Act required the Attorney General ("AG") to review the existing system for assessing prisoner risk and needs, to formulate recommendations regarding evidence-based recidivism reduction ("EBRR") programs and productive activities, and to produce a new risk and needs assessment program (referred to in the Act as "the System") that would, among other things, (1) classify the recidivism risk of each prisoner as minimum, low, medium or high and (2) assign each prisoner to appropriate EBRR programs or productive activities based on his or her risk level.  18 U.S.C. §§ 3631(b), 3632(a). The Act required that the System provide certain "incentives and rewards" for prisoners to participate in EBRR programs. *Id.* § 3632(d).

    Relevant to this action, such incentives and rewards include incarceration-reducing time credits:  prisoners who successfully complete EBRR programs or productive activities must be provided 10 days of time credit for every 30 days of successful participation in the programs or activities. *Id.* § 3632(d)(4)(A)(i).  Prisoners who are given minimum or low risk assessments over two consecutive assessments and who have not increased in risk must be provided five extra days of time credit for each 30 days of successful completion of EBRR programs or activities

2

(thus earning 15 days of time credit per 30 days of programming). *Id.* § 3632(d)(4)(A)(ii). Prisoners cannot earn time credits for EBRR programs completed prior to the enactment of the FSA or during pretrial detention. *Id.* § 3632(d)(4)(B).

The Act gave the AG until July 19, 2019 to develop the System, and the AG released the System on that date. *Hand v. Barr*, No. 1:20-cv-00348-SAB-HC, 2021 U.S. Dist. LEXIS 21726, at *5 (E.D. Cal. Feb. 4, 2021). It then set a further deadline of January 15, 2020, by which time the Bureau of Prisons ("BOP") was required to complete initial risk and needs assessments of all prisoners and begin to assign them to appropriate EBRR programs. 18 U.S.C. § 3621(h)(1)(A). The BOP was also required, by the same date, to begin expanding EBRR programs and activities it offers and to add new ones as necessary to implement the System. *Id.* § 3621(h)(1)(B). The Act provides the BOP two years from the January 15, 2020 deadline to complete the expansion so that it can provide EBRR Programs and productive activities to all prisoners; a period referred to in the Act as the "phase-in." *Id.* § 3621(h)(2)(A). During the phase-in, the BOP must give priority for EBRR programs and productive activities to prisoners according to their proximity to release. *Id.* § 3621(h)(3). Of particular significance to this case, the Act provides that, from the date of its enactment (December 21, 2018) until the end of the phase-in (January 15, 2022), the BOP "may" offer the incentives and rewards described in the Act – which include the potential for earning time credits – to prisoners who successfully participate in EBRR programs and productive activities. *Id.* § 3621(h)(4).

C. Petitioner's Claim

Petitioner claims, in what appears to be a form complaint, that he has accrued approximately 480 days of earned time credits toward his early release from approximately 980 days of prison work, making his release date on or about August 1, 2023. ECF No. 1 at 1. Apart from a few attachments of unknown provenance, this is the only personalized information in the complaint, which otherwise challenges the BOP's implementation of the Act. Plaintiff alleges that the BOP has adopted a rule providing that "an inmate must add up the hours and minutes from multiple [work] days to get credit for one day" of productive activities and that this rule is contrary to the Act. *Id.* at 4. He also claims that the Bureau must credit an inmate's earned time

from a prison job toward early release immediately, rather than waiting until January 15, 2022. *Id.*

Article III of the U.S. Constitution limits the jurisdiction of federal courts to "actual, ongoing cases or controversies," which means (in part) that this court may not hear a case where the claim "rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all" – such claims are considered "unripe." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *Bova v. City of Medford*, 564 F.3d 1093, 1095-96 (9th Cir. 2009). A number of federal district courts have determined that a federal prisoner's claims regarding earned time credits under the FSA are not ripe because the phase-in period has not yet ended. *E.g.*, *Hand v. Barr*, 2021 U.S. Dist. LEXIS 21726, at *12-15; *Llewlyn v. Johns*, No. 5:20-cv-77, U.S. Dist. LEXIS 18865, at *3-6 (S.D. Ga., Jan. 5, 2021). The undersigned finds the reasoning of these courts persuasive. The statute unambiguously (through the use of the permissive term "may" rather than "shall") provides that the Bureau is not required to provide the Act's time credit incentives to prisoners until January 15, 2022.

Even if the Bureau were required to compute petitioner's time credits prior to January 15, 2022 (and in the manner plaintiff alleges), petitioner still has not yet suffered any injury, as he alleges that his proper release date is well over a year in the future (and considerably beyond January 15, 2022). For that reason, petitioner's claim is not yet ripe. Accordingly, the undersigned recommends that the petition be dismissed without prejudice as unripe.

### III.     Recommendation

Accordingly, it is hereby RECOMMENDED that the petition for relief under 28 U.S.C. § 2241 be dismissed as unripe, but that petitioner be provided leave to file an amended petition within 30 days of any order adopting this recommendation demonstrating that his claim is ripe for review.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 22, 2021.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE