UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN JACOBO-ARIZAGA, | No. 2:21-cv-01864-KJM-EFB P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| PAUL THOMPSON, Warden, | |
| Respondent. | |

Petitioner is a federal prisoner proceeding without counsel in this petition for writ of habeas corpus brought under 28 U.S.C. § 2241. ECF No. 1. The petition was dismissed as unripe and petitioner was given 30 days to file an amended petition demonstrating the ripeness of his claim. ECF No. 14. But still pending are petitioner's requests for a temporary restraining order.

On December 27, 2021, petitioner filed a motion for a temporary restraining order, alleging that two correctional officials attempted to intimidate him and made veiled threats against him in retaliation for his filing of the petition. ECF No. 8. Findings and a Recommendation were filed on February 2, 2022, recommending that the motion be denied. ECF No. 11. That recommendation remains pending. On February 11, 2022, petitioner filed another motion for temporary restraining order. ECF No. 13. As discussed below, it is recommended that this motion also be denied.

////

1

### I. Background

Petitioner is confined in federal prison at FCI Herlong. ECF No. 1 at 1. His petition alleges that respondent has adopted a policy for the application of the "First Step Act" (18 U.S.C. §§ 3632, 3624(g)) that is contrary to the statute. *Id*. According to petitioner, lawful application of the Act would result in his release on August 1, 2023 because he has accrued approximately 480 days of time credit from approximately 980 days working at a prison job. *Id.* at 1. On February 23, 2022, the court dismissed the petition as unripe and provided petitioner with 30 days to file an amended petition demonstrating ripeness of his claims. ECF No. 14.

In the instant motion for a temporary restraining order, petitioner alleges that, 12 hours after he mailed his objections to the recommendation that the court deny his prior motion for temporary restraining order, correctional officer J. Aul wrote a disciplinary report (which petitioner refers to as a "shot") against petitioner for possessing a storage box that lacked a "green her # sticker." ECF No. 13 at 1. Petitioner states that he received the box from an inmate who had bought it from the prison catalog and that the box had been in his locker for eight months – and through many searches – without causing a problem. *Id*. Petitioner argues that the disciplinary report will prevent his desired transfer to a prison (FCI-Sheridan) closer to his family. *Id.* According to petitioner, J. Aul has written a disciplinary report against him in the past that was reversed by the BOP's Stockton Regional Office. *Id.* at 1-2. Petitioner asks the court to order officials to expunge the disciplinary report from his record and transfer him to FCI-Sheridan Camp. *Id.* at 2.

### II. Analysis

A temporary restraining order may be issued upon a showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A); *Haw. County Green Party v. Clinton*, 980 F. Supp. 1160, 1164 (D. Haw. 1997) ("The standards for granting a temporary restraining order and a preliminary injunction are identical."); *cf. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (observing that an analysis of a preliminary injunction is "substantially identical" to an analysis of a temporary restraining order). The purpose of the

order is to preserve the status quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974).

To be entitled to preliminary injunctive relief, a party must demonstrate "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)). Petitioner's motion does not meet this standard. It addresses conduct that is not a subject of this action, and therefore fails to demonstrate either a likelihood of success on the merits or a serious question on the merits. Generally, such allegations must be pursued through the prison administrative process and then litigated in a separate action. *See McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam) and *Rhodes v. Robinson*, 621 F.3d 1002, 1004-07 (9th Cir. 2010) (together holding that claims must be exhausted prior to the filing of the original or supplemental complaint); *Jones v. Felker*, No. CIV S-08-0096 KJM EFB P, 2011 U.S. Dist. LEXIS 13730, at *11-15, 2011 WL 533755 (E.D. Cal. Feb. 11, 2011).

Nonetheless, where circumstances warrant, the court has authority to intervene regarding conduct unrelated to the case's claims under The All Writs Act. That Act gives federal courts the authority to issue "all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. 1651(a). The United States Supreme Court has authorized the use of the All Writs Act in appropriate circumstances against persons who, "though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice." *United States v. N.Y. Tel. Co.*, 434 U.S. 159, 173-74 (1977). To obtain an order under the All Writs Act, the requested order must be "necessary." This language requires that the relief requested is not available through some alternative means. *Clinton v. Goldsmith*, 526 U.S. 529, 537 (1999).

Petitioner has yet to satisfy the threshold requirement of at least some probability of success on the merits. As noted, his underlying petition has been dismissed with leave to amend

3

on grounds of ripeness.  But setting aside the merits prong, the instant motion does not show that the court's intervention is necessary.  Petitioner retains alternative means to address the issuance of the disciplinary report; i.e., the prison's administrative process.  Petitioner himself recognizes that he obtained relief regarding a prior disciplinary report through this process, and he does not allege that he cannot prepare his amended petition (should he choose to file one) absent court intervention.  Accordingly, the court recommends that the motion be denied at this time, without prejudice to its renewal should the case (and officials' alleged misconduct) continue and without prejudice to any civil rights action petitioner might file in the future alleging retaliation and/or interference with his right to access the courts.

### III.  Recommendation

Accordingly, it is hereby RECOMMENDED that petitioner's February 11, 2022 motion for a temporary restraining order (ECF No. 13) be denied without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 28, 2022.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE