UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN JACOBO-ARIZAGA, | No. 2:21-cv-1864-KJM-EFB P |
| Petitioner, | |
| v. | ORDER |
| PAUL THOMPSON, Warden, | |
| Respondent. | |

    Petitioner, a federal prisoner proceeding without counsel, has filed an application for a writ of habeas corpus under 28 U.S.C. § 2241.  The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

    On February 2, 2022, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days.  ECF No. 11.  Petitioner has filed objections to these findings and recommendations.  ECF No. 12.[1]  The Magistrate Judge also filed findings and recommendations on February 28, 2022, which were likewise served on all

---

[1] In his objections petitioner says he did not receive the respondent's opposition to the motion addressed in the findings and recommendations. ECF No. 12 at 1. But petitioner filed a reply to the opposition, *see* ECF No. 10, and therefore the court has no basis for probing petitioner's other assertions about legal mail not reaching him in the institution where he is housed.

1

parties and again contained notice that any objections were to be filed within fourteen days. ECF No. 15. Petitioner has not objected to these findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having reviewed the file, the court finds the findings and recommendations to be supported by the record and by the proper analysis. The undersigned shares the Magistrate Judge's concern with an officer's admission, made under oath on the record in this action, to "making statements which, at face value, could certainly be taken to imply attempts at intimidation." F&Rs at 5, ECF No. 11; *see also* Duran Decl. ¶¶ 6, 10, 11, ECF No. 9-2 ("On December 15, 2021, I interviewed [the petitioner in this action,] Adrian Jacobo-Arizaga. . . . I further queried whether Petitioner knew anything about inmates receiving e-mails from a former FCI Herlong inmate who was advising inmates on how to file lawsuits . . . . I advised Petitioner that there were many reasons that could place an inmate housed in the Satellite Prison Camp in the Special Housing Unit."). As the Magistrate Judge correctly explains, however, "any remedy for attempts to chill the exercise of First Amendment rights of access to the courts would ordinarily be found in a civil rights action," not in a "petition for writ of habeas corpus." F&Rs at 5, ECF No. 11 n.3.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed February 2 and 28, 2022, are adopted in full;
2. Petitioner's December 27, 2021 motion for a temporary restraining order (ECF No. 8) and his February 11, 2022 motion for a temporary restraining order or preliminary injunction (ECF No. 13) are denied without prejudice; and
3. This matter is referred back to the assigned Magistrate Judge for all further pretrial proceedings.

DATED: March 28, 2022.

CHIEF UNITED STATES DISTRICT JUDGE

2